IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-65,558-01






EX PARTE JIMMY DELL SEAT, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 20356 HC-1 IN THE 6TH DISTRICT COURT


FROM LAMAR COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to aggravated assault
and was placed on deferred adjudication probation for ten years. He was later adjudicated guilty and
sentenced to twenty years' imprisonment. He did not appeal his conviction.

 Applicant contends that his trial counsel at the adjudication of guilt proceeding was
ineffective for not objecting to the introduction of photographs of marihuana plants. In addition,
Applicant contends that the evidence was insufficient that he violated the conditions of his probation. 
Specifically, he alleges that there was insufficient evidence that he intentionally and knowingly
possessed marihuana; that he intentionally and knowingly possessed drug paraphernalia; and that he
allowed marihuana to be grown on property he possessed, lived at, or owned. 

 We remanded the application on September 20, 2006, and instructed the trial court to enter
findings of fact and conclusions of law. On remand, the trial court held an evidentiary hearing at
which Applicant and the State presented arguments. But according to the record, trial counsel neither
testified at the hearing nor submitted an affidavit. We believe that trial counsel should respond to
Applicant's ineffective assistance of counsel claim. Accordingly, the trial court shall provide trial
counsel with the opportunity to respond. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.

 Applicant appears to be represented by habeas counsel. If he is not and if the trial court elects
to hold another hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and
wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant
at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall then make further findings of fact as to whether the performance of
Applicant's trial attorney was deficient and, if so, whether counsel's deficient performance
prejudiced Applicant. The trial court shall also make findings of fact as to whether the evidence was
sufficient to establish that Applicant violated the conditions of his probation. The trial court shall
make any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court.




Filed: January 31, 2007

Do not publish